**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:05-1675-MBS-BM |
| v. | ) ) ) | **REPORT AND RECOMMENDATION** |
| DEBORAH BROCKETT, MARY E. SMITH, VIOLA ENGRAM, DANIESHA M. WILSON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This interpleader action was filed by the Plaintiff for purposes of determining the rightful beneficiaries to proceeds of a life insurance policy under the General Motors Life and Disability Benefits Program (the "Plan"), which is regulated by the Employee Retirement Income Security Act of 1964, as amended (ERISA), 29 U.S.C. § 1001, et. seq.. The case concerns certain proceeds of a life insurance policy payable as a result of the death of David Halley (the "Insured"), who died on or about June 1, 2004. The Insured was entitled to life insurance benefits under the Plan, which was issued and funded by the Plaintiff, in the amount of $8,235.00.

Plaintiff claims no beneficial interest in or to the sum of $8,235.00 payable under the plan, but alleges that, since the Insured's death, several individuals have submitted claims for the Plan benefits, all as is more fully set forth in the Complaint. Of the original Defendants, Fairbell Halley and Mary H. Cater, individually and as personal representatives of the estate of David Halley,



entered a consent order of dismissal on August 19, 2005, leaving as Defendants the four (4) individuals shown in the caption.

On February 15, 2006, the Defendants Smith, Engram and Wilson entered a motion for entrance and judgment of default against co-Defendant Brockett, asking that this Court enter a judgment of default against Brockett and hold a hearing to determine damages. An affidavit of default was also filed with that motion. Shortly after the entry of the motion for default by the Defendants Smith, Engram and Wilson, Plaintiff filed a motion for interpleader and for dismissal on February 17, 2006.

By order filed July 17, 2006 the Honorable Margaret B. Seymour, United States District Judge, granted Plaintiff's motion for interpleader and ordered that the disputed funds be paid into the Court to the Office of the Clerk of Court, with Plaintiff thereafter to be discharged from any and all liability as to the Defendants' claims to the insurance proceeds in question. The motion for default against the Defendant Brockett was denied.

Following re-referral of this matter to the undersigned, the Defendants Smith, Engram and Wilson filed a motion for summary judgment on July 25, 2006. As the remaining Defendant Brockett is proceeding pro se, a Roseboro order was entered by the Court advising Brockett of the need for her to respond, and that if she failed to respond the remaining Defendants' dispositive motion may be granted. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Brockett has not filed any response to the remaining Defendants' motion, which is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. Three of the Defendants have filed a motion for summary judgment.



In their motion for summary judgment, the Defendant Smith, Engram and Wilson assert that they are the named beneficiaries of the life insurance policy at issue; see Complaint, Exhibit 5; and that the Defendant Brockett has failed to produce any evidence that the beneficiaries listed on the insurance policy are not the proper persons to receive the life insurance. These Defendants argue that, because the last designation of the decedent listed the moving parties as beneficiaries and no contrary evidence has been produced, they are entitled to an award of the policy funds, and seek an order from this Court granting summary judgment in their favor and allowing the distribution of the proceeds. As noted, the remaining Defendant Brockett has not filed any evidence, or even argument, in opposition to these Defendants' motion.

Based on the foregoing, it is recommended that these Defendants' motion for summary judgment be **granted**, and that an order be entered awarding the proceeds of the life insurance policy at issue to the Defendants Smith, Engram and Wilson.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 11, 2006

---

As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
&
The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

