IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Metropolitan Life Insurance Company, ) | |
| ) | C/A No.: 3:05-1675-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Deborah Brockett, Mary E. Smith, ) | |
| Viola Engram, Daniesha M. Wilson, ) | |
| Fairbell Halley, and Mary Carter ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| _____) | |

Plaintiff Metropolitan Life Insurance Company brought this declaratory judgment action against Defendants Deborah Brockett, Mary E. Smith, Viola Engram, and Daniesha M. Wilson to determine entitlement to proceeds from a life insurance policy (the "Policy") issued by Plaintiff for the benefit of David Halley ("Insured"), who died on or about June 1, 2005. The Insured was entitled to life insurance benefits under the Policy, which was issued and funded by Plaintiff, in the amount of $8,235.00. Plaintiff claims no beneficial interest in or to the sum of $8,235.00 payable under the plan, but alleges that, since the Insured's death, several individuals have submitted claims for the Plan benefits, all as is more fully set forth in the Complaint. Plaintiff brought this action to protect itself against double or multiple liability as to the Policy proceeds.

On February 15, 2006, the Defendants Smith, Engram, and Wilson entered a motion for entrance and judgment of default against co-Defendant Brockett, asking the court enter a judgment of default against Brockett and hold a hearing to determine damages. Plaintiff filed a motion for interpleader and dismissal on February 17, 2006. Plaintiff moved to be allowed to interplead the proceeds of the Policy in the amount of $8,235.00 into court and to be discharged from any liability

to Defendants in this matter. No Defendant objected to Plaintiff's motion for interpleader. By order filed July 17, 2006, the court granted Plaintiff's motion for interpleader and ordered disputed funds be paid into the court to the Office of the Clerk of Court, with Plaintiff thereafter to be discharged from any and all liability as to the Defendants' claims to the insurance proceeds in question. The motion for default against the Defendant Brockett was denied.

The matter currently before the court is a motion for summary judgment filed by Defendants Smith, Engram, and Wilson filed on July 25, 2006. By order filed July 27, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), co-Defendant Brockett, who was proceeding *pro se*, was advised of summary judgment procedure and the possible consequences if she failed to respond adequately. Notwithstanding the specific warnings and instructions of the court's Roseboro Order, Defendant Brockett did not file a response to the summary judgment motion of Defendants Smith, Engram, and Wilson.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge issued a Report and Recommendation on September 12, 2006 in which he recommended that the motion for summary judgment of Defendants Smith, Engram, and Wilson be granted. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has thoroughly reviewed the record.  The court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference.  For the reasons stated in the Report and Recommendation, summary judgment is **granted** in favor of Defendants Smith, Engram, and Wilson.  The court awards the Plan benefits in the amount of $8,235.00, including any interest accrued while the funds have been on deposit with the court, to Defendants Smith, Engram, and Wilson, jointly and severally.  The court further declares that Defendant Brocket is not entitled to an award of the Plan benefits, and that she shall take nothing.

**IT IS SO ORDERED**.

 S/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

October 16, 2006

Columbia, South Carolina